UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division



CHERYL A. FLYNN,

    Plaintiff,

v.                              CIVIL NO. 2:18cv502

MID-ATLANTIC MARITIME
ACADEMY, LLC,

    Defendant.

## MEMORANDUM FINAL ORDER

This matter comes before the court on the Motion for Summary Judgment filed by Defendant Mid-Atlantic Maritime Academy, LLC ("MAMA") on March 5, 2019, and accompanying Memorandum in Support. ECF Nos. 15, 16. Plaintiff, Cheryl A. Flynn, filed a Memorandum in Opposition on March 26, 2019. ECF No. 33. MAMA filed a Reply on April 1, 2019. ECF No. 37.

On April 5, 2019, this court referred the Motion for Summary Judgment to United States Magistrate Judge Lawrence R. Leonard, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b), to conduct hearings, including evidentiary hearings, if necessary, and to submit to the undersigned district judge proposed findings of fact, if applicable, and recommendations for the disposition of the Motion for Summary Judgment. ECF No. 39.

The Magistrate Judge filed the Report and Recommendation ("R&R") on July 30, 2019. ECF No. 56. The Magistrate Judge recommended that MAMA's Motion for Summary Judgment be granted and Plaintiff's Complaint be dismissed with prejudice. R&R at 1. By copy of the R&R, the parties were advised of their right to file written objections to the findings and recommendations made by the Magistrate Judge. See id. at 42. On August 27, 2019, Plaintiff filed Objections to the R&R, ECF No. 60, and MAMA filed a Response, ECF No. 61.

## I. LEGAL STANDARD

Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, the court, having reviewed the record in its entirety, shall make a de novo determination of those portions of the R&R to which a party has "properly objected." Fed. R. Civ. P. 72(b)(3). The court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

Objections, however, "must be made 'with sufficient specificity so as reasonably to alert the district court of the true ground of the objection.'" Scott v. Virginia Port Auth., No. 2:17cv176, 2018 WL 1508592 at *2 (E.D. Va. Mar. 27, 2018) (Jackson, J.) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)). "General or conclusory objections are the equivalent of a waiver." Id.; see also Tyler v. Wates, 84 F. App'x 289, 290

(4th Cir. 2003) (unpublished) ("A general objection to the entirety of the magistrate judge's report is tantamount to a failure to object.").

Thus, absent a specific, proper objection, the court only reviews for clear error. See Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982); see also, e.g., United States Underwriters Ins. Co. v. ITG Dev. Grp., LLC, 294 F. Supp. 3d 18, 23 (E.D.N.Y. 2018) ("The clear error standard also applies when a party makes only conclusory or general objections.").

## II. DISCUSSION

### A. Hearsay Objection

Plaintiff's first objection is that the R&R incorrectly held a statement that Mrs. Lee Goldman made regarding post-traumatic stress disorder ("PTSD") to be inadmissible hearsay. Objs. at 2, 17-19; R&R at 6 n.4. Plaintiff testified at her deposition that the statement is as follows: "[Mrs. Goldman] made a derogatory comment that people with PTSD are unstable and can't be trusted and we have to be leery of what they're carrying around." Flynn Dep. 231:1-3, ECF No. 33-4.

Plaintiff is correct that this statement is not hearsay. Hearsay is "a statement that (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). Plaintiff, however, does not

3

offer the statement to prove the truth of the matter asserted. "Flynn did not proffer Mrs. Goldman's statement to prove persons with PTSD are unstable or cannot be trusted. She proffered it to prove Mrs. Goldman's bias against persons with PTSD . . . ." Objs. at 18. Because Plaintiff does not offer the statement to prove that people with PTSD are unstable or cannot be trusted, it is not hearsay. See, e.g., United States v. Mitre, 132 F. App'x 495, 497 (4th Cir. 2005) (unpublished) ("Because we conclude the testimony was not admitted to prove the truth of the matter asserted, we conclude it was not hearsay."). MAMA does not offer any persuasive argument to the contrary, other than claiming without support that the comment is "classic hearsay, for which there is no exception." Resp. at 12. Accordingly, the court **GRANTS** Plaintiff's objection to the extent she objects to the ruling that the statement is inadmissible hearsay.

However, the court disagrees with Plaintiff's conclusion that this statement is evidence of direct discrimination or sufficient evidence to establish discrimination at the third step of the McDonnell Douglas framework. "Derogatory remarks" do not constitute direct evidence "unless [they] were related to the employment decision in question." Brinkley v. Harbour Recreation Club, 180 F.3d 598, 608 (4th Cir. 1999) (citation omitted), overruled on other grounds by Desert Palace, Inc. v. Costa, 539 U.S. 90, 101-02 (2003). Furthermore, "in the absence of a clear

nexus with the employment decision in question, the materiality of stray or isolated remarks is substantially reduced." Merritt v. Old Dominion Freight Line, Inc., 601 F.3d 289, 300 (4th Cir. 2010).

Here, Plaintiff has not demonstrated a connection between Mrs. Goldman's isolated statement and the decision to terminate her employment. Mrs. Goldman is the wife of Mr. Arthur Goldman, MAMA's CEO. Goldman Dep. 6:5-11, 46:4-8, ECF No. 16-3. But she is not a MAMA employee. Nanartowich Dep. 77:6-8, ECF No. 33-3. And Plaintiff offers no evidence, other than her own speculation, that Mrs. Goldman influenced the termination decision or that this statement was in any way connected to the termination decision. Plaintiff's contention that Mrs. Goldman "exercise[d] de facto control and influence[d] company affairs", Objs. at 3, is unsupported and not evidence that Mrs. Goldman influenced Plaintiff's termination decision. Accordingly, Mrs. Goldman's statement is not evidence of direct discrimination. See, e.g., Matias v. Elon Univ., 780 F. App'x 28, 30 (4th Cir. 2019) (holding that a comment "though objectionable, was the type of isolated statement that does not amount to direct evidence of discrimination.").

The comment is also not enough to meet Plaintiff's burden of producing sufficient evidence to show at the third step of the McDonnell Douglas burden shifting framework that MAMA intentionally discriminated against her. See Ennis v. Nat'l Ass'n

of Bus. & Educ. Radio, Inc., 53 F.3d 55, 58 (4th Cir. 1995) ("If the defendant meets this burden of production, the presumption created by the prima facie case 'drops out of the picture,' and the plaintiff bears the ultimate burden of proving that she has been the victim of intentional discrimination." (quoting St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 511 (1993))). Again, there is no evidence that Mrs. Goldman's statement affected the termination decision, and Mrs. Goldman is not a MAMA employee. Because Plaintiff has failed to demonstrate a connection between the statement and her termination, the statement is not sufficient to show that MAMA discriminated against her due to her disability. Accordingly, the court **OVERRULES** Plaintiff's objection to the extent it argues that Mrs. Goldman's statement is sufficient to show direct discrimination or meet the third step of the McDonnell Douglas framework.

### B. Remaining Objections

Plaintiff's second objection is to the R&R's ultimate conclusion that Plaintiff failed "to demonstrate she has been the victim of intentional discrimination" and the recommendation that MAMA's Motion for Summary Judgment be dismissed. Objs. at 2 (quoting R&R at 41-42). As discussed above, objections to the R&R must be specific. Supra Part I. Unspecific objections are the "equivalent of a waiver." Scott, 2018 WL 1508592 at *2. However, the court will construe the arguments that Plaintiff makes in the

6

"Analysis" section as specific objections and review those objections de novo. See Objs. at 15-22.[1]

### a. *Wright v. Stark Truss Co.*

Plaintiff's first argument is that the case Wright v. Stark Truss Co., 2012 U.S. Dist. LEXIS 103663 (D.S.C. May 10, 2012), supports her position. The court notes that Wright is not binding on this court, and the Magistrate Judge did address Wright in the R&R. See R&R at 30, 31. In addition, the case does not support Plaintiff's position, because the facts in Wright are distinguishable from the facts here. In Wright, there was evidence that the decisionmaker fired the employee because of the employee's mental health impairments and that the employer's reason for the termination was pretextual. Wright, 2012 U.S. Dist. LEXIS 103663 at *17, 21-29.

Here, in contrast, Plaintiff does not offer any evidence that the decisionmaker, Mr. Nanartowich, fired Plaintiff because of PTSD. Instead, the evidence shows the opposite, because Plaintiff disclosed PTSD-symptomatic behavior[2] to MAMA as early as 2014. See Flynn Dep. 226:12-227:21, ECF No. 16-2. Plaintiff disclosed other

---

[1] The "Facts" section, see Objs. at 2-14, is also not a specific objection to the R&R. The court therefore reviews any differences between Plaintiff's version of the facts and the facts in the R&R for clear error. See infra Part II.C.

[2] Like the R&R, this Memorandum Final Order uses the term "PTSD-symptomatic behavior" to refer to both Plaintiff's symptoms and any behavior derived from those symptoms. R&R at 6 n.5.

7

PTSD-symptomatic behavior to MAMA between 2015 and 2017. See, e.g., id. 53:17-18, 233:5-13, 281:15-282:19; Nanartowich Dep. 49:7-11, ECF No. 33-3. Yet Plaintiff was not terminated until September 11, 2017. Id. 53:18-22.[3]

Moreover, unlike in Wright, Plaintiff does not offer any persuasive evidence that the two (2) stated reasons for her termination were pretextual. First, MAMA terminated her employment because she changed the password on her workstation computer and changed the password for MAMA's TowneBank profile. Flores Dep. 18:2-12, 49:3-51:5, ECF No. 16-4; Nanartowich Dep. 8:7-10:8, 22:3-16, 60:8-61:5, ECF No. 16-1; Goldman Dep. 20:12-21:9, ECF No. 16-3. Second, MAMA terminated her employment because she returned from scheduled time off three weeks early. Nanartowich Dep. 9:2-11, ECF No. 16-1. Plaintiff does not offer persuasive evidence that these reasons are pretextual. Wright does not alter this conclusion. Therefore, any objection based on Wright is **OVERRULED**.

---

[3] In fact, the record shows that Mr. Nanartowich was sympathetic to Plaintiff and her PTSD-symptomatic behavior throughout her employment with MAMA and supported her up to her termination. See, e.g., Flynn Dep. 107:6-10, ECF No. 16-2 (Mr. Nanartowich offered to put Plaintiff in corporate apartment); id. 111:7-18 (Mr. Nanartowich offered cash advance to Plaintiff); id. 118:19-121:3 (Mr. Nanartowich and Mr. Goldman offered to have MAMA pay for counseling); Nanartowich Dep. 47:3-21, ECF No. 16-1 (Mr. Nanartowich recommended that MAMA provide Plaintiff with six weeks of paid leave).

### b. Mrs. Lee Goldman's statement

Plaintiff's next argument is the Magistrate Judge wrongly held that Mrs. Lee Goldman's statement regarding individuals with PTSD was inadmissible hearsay. Objs. at 17-19. This objection is addressed above. See supra Part II.A.

### c. Temporal proximity

Plaintiff asserts that the temporal proximity between her termination and the disclosure of her PTSD diagnosis raises a fact issue that precludes summary judgment. Objs. at 19. As a preliminary matter, "[t]emporal proximity, standing alone, is generally insufficient to establish a jury question regarding pretext." Johnson v. United Airlines, Inc., No. 1:13-cv-00113, 2013 WL 3990789 at *6 (E.D. Va. Aug. 2, 2013) (Hilton, J.). Therefore, even if Plaintiff could show temporal proximity between disclosure of her PTSD diagnosis and her termination, it would be insufficient, without more, to preclude summary judgment.

Plaintiff has not, however, offered any persuasive evidence of temporal proximity. MAMA was aware of her PTSD-symptomatic behavior as early as 2014 and throughout 2015 to 2017. See supra Part II.B.a. This fact undercuts her temporal proximity argument. Furthermore, the timing of the password changes and Plaintiff's early return to work is consistent with MAMA's termination of her employment for those reasons. She returned to work from her scheduled leave on September 6. Nanartowich Dep. 53:15-17, ECF No.

16-1; Flores Dep. 26:8-14, ECF No. 16-4. Plaintiff changed the password to her workstation computer on September 6. Flores Dep. 46:19-51:5, ECF No. 16-4; ECF No. 16-47 (service desk ticket). She also changed the password to the TowneBank account on September 6. Flores Dep. 18:4-12, ECF No. 16-4; ECF No. 16-52 (TowneBank activity log). MAMA terminated Plaintiff's employment on September 11. Nanartowich Dep. 53:18-22, ECF No. 16-1. Thus, her termination is consistent with MAMA's stated reasons, rather than conduct which MAMA had been aware of since as early as 2014. The existence of this "alternative explanation for the timing of plaintiff's termination that is wholly consistent with defendant's reason for terminating plaintiff" further undercuts Plaintiff's argument. Watson v. Fairfax Cty., Virginia, 297 F. Supp. 3d 591, 604 (E.D. Va. 2018) (Ellis, J.).

Temporal proximity alone is not enough to survive summary judgment. Moreover, Plaintiff does not offer persuasive evidence of temporal proximity, and the actual temporal proximity of her termination to the reasons for her termination by MAMA undercut her argument and support that of MAMA. Accordingly, any objection based on temporal proximity is **OVERRULED**.

#### d. The comparator

The R&R cites to the fact that MAMA employed at least one other employee with PTSD in support of the conclusion that the Plaintiff did not show intentional discrimination. R&R at 38.

Plaintiff argues that "[i]t is not a defense to an ADA claim . . . that an employer only discriminates against 50% of its PTSD afflicted employees." Objs. at 20. This fact, however, is not a "defense" to Plaintiff's claim. Rather, it is a fact that lends further support to the conclusion that MAMA did not intentionally discriminate against Plaintiff. Furthermore, Plaintiff does not dispute the fact. To the extent this is an objection, it is **OVERRULED**.

### e. Letter of recommendation

Plaintiff argues that MAMA's letter of recommendation for Plaintiff establishes pretext. Objs. at 20. According to Plaintiff, "[t]he tone, tenor and substance of the letter is utterly incompatible with what would be expected if an employee were truly being terminated for tampering with bank accounts, etc." Objs. at 20.

The letter of recommendation does not establish pretext. The letter was positive and did not refer to any unsatisfactory behavior. See ECF No. 33-2 (letter of recommendation). Plaintiff is wrong, however, that to demonstrate pretext the letter "would have had to have explicitly stated that Flynn had no history of tampering with workstation passwords or electronic banking logins, nor of refusing to take as much vacation as directed." Objs. at 20. To show pretext, a plaintiff must "point to actual conflicting explanations which relate to the core substance of the employer's

articulated justification." Propst v. HWS Co., Inc., 148 F. Supp. 3d 506, 528 (W.D.N.C. 2015). Plaintiff cannot do that with respect to the letter of recommendation. The letter, while generally positive, does not conflict with the "core substance" of MAMA's reasons for termination. Id. Accordingly, Plaintiff's objection based on the letter of recommendation is **OVERRULED**.

### f. MAMA's conduct towards Plaintiff

Plaintiff argues that the R&R wrongly characterized MAMA's conduct towards Plaintiff. Objs. at 20-21; see R&R at 38-39 (cataloging MAMA's favorable conduct towards Plaintiff). The essence of Plaintiff's objection appears to be that MAMA could have had ulterior motives for its favorable treatment of Plaintiff during her employment. Yet Plaintiff does not offer any actual evidence that MAMA's actions were motivated by ulterior reasons. Moreover, she does not dispute the fact that MAMA provided her with favorable treatment during her employment, knowing that Plaintiff suffered from PTSD-symptomatic behavior.[4] She also does not dispute the legal conclusion that favorable treatment undercuts an inference of intentional discrimination. See Moticka v. Week Closure Sys., 183 F. App'x 343, 353 (4th Cir. 2006).

---

[4] See supra note 3.

Plaintiff's speculation is not enough to meet her summary judgment burden. Accordingly, this objection is **OVERRULED**.

### g. The legal standard

The next section in Plaintiff's Objections discusses the applicable legal standard for reviewing a discrimination claim. Objs. at 21-22. Plaintiff cites only to <u>Reeves v. Sanderson Plumbing Prods.</u>, 530 U.S. 133 (2000), in this section. It is unclear whether Plaintiff is objecting to the legal standard in the R&R. To the extent she is, the objection lacks merit. The R&R correctly applied <u>Reeves</u>, and cited to it extensively. <u>See</u> R&R at 14, 24, 25, 29, 31, 38, 40, 41.

It is true, as Plaintiff argues, that <u>Reeves</u> clarified that "[i]n appropriate circumstances, the trier of fact can reasonably infer from the falsity of the explanation that the employer is dissembling to cover up a discriminatory purpose." Objs. at 21 (citing <u>Reeves</u>, 530 U.S. at 147). But <u>Reeves</u> also noted that "[t]his is not to say that such a showing by the plaintiff will *always* be adequate to sustain a jury's finding of liability." <u>Reeves</u>, 530 U.S. at 148 (emphasis in original). Ultimately, "[w]hether judgment as a matter of law is appropriate in any particular case will depend on a number of factors." <u>Id.</u>

Plaintiff failed to offer evidence of direct discrimination or sufficient evidence to meet her burden under the <u>McDonnell</u>

Douglas framework. Reeves is consistent with this conclusion. To the extent this section is an objection, it is **OVERRULED**.

### h. The Cox subpoena

The final issue the court must address is Plaintiff's introduction of new evidence on August 27, 2019, with her Objections to the R&R. As an exhibit to her Objections, Plaintiff included a response to a subpoena from Cox Communications, Inc. ("the subpoena response"). ECF No. 60-1.[5]

According to Plaintiff, the subpoena response shows "that the computer that commanded the password change was a computer located at 'Towne Bank Main,' not any computer in the custody or control of Flynn." Objs. at 8. But the subpoena response does not

---

[5] The court will consider the subpoena response, even though it was submitted after the R&R was filed on July 30, 2019. But see Virgin Enterprises Ltd. v. Virgin Cuts, Inc., 149 F. Supp. 2d 220, 223 (E.D. Va. 2000) (Friedman, J.) ("While there may be cases in which the receipt of further evidence is appropriate, there are substantial reasons for declining to do so as a general matter." (quoting Morris v. Amalgamated Lithographers of America, 994 F.Supp. 161 (S.D.N.Y.1998))). The court also notes that the subpoena response was submitted after the completion of all discovery, as well as after the Final Pretrial Conference and Order on April 19, 2019. See ECF No. 49. Moreover, the original trial date of May 7, 2019, was set on November 9, 2018, by the Rule 16(b) Scheduling Order. See ECF No. 8. The trial was removed from the calendar by Order dated April 22, 2019, so that the Motion for Summary Judgment could be addressed. See ECF No. 51. In other words, all pre-trial matters in this case were concluded, the Motion for Summary Judgment was set for ruling, and the case was otherwise closed as ready for trial, when the subpoena response was submitted to the court. In any event, the court has considered it in addressing the R&R.

contradict several key facts. First, Plaintiff's username was used to effect the password change. Indeed, an activity log that TowneBank sent MAMA shows that the username cflynn9 changed the password on September 6, 2017.[6] ECF No. 16-52. Second, TowneBank told Ms. Flores and Mr. Nanartowich that Plaintiff changed the password. Flores Dep. 18:4-12, 56:1-7, 58:2-60:5, ECF No. 16-4; Nanartowich Dep. 60:8-61:5, 96:11-97:8, ECF No. 16-1. Finally, and most importantly, MAMA genuinely believed that Ms. Flynn changed the password, and terminated her in part for that reason. Nanartowich Dep. 96:9-97:8, ECF No. 16-1.

MAMA's belief that Plaintiff changed the password, based on information provided by TowneBank, is a legitimate, non-discriminatory reason to discharge Plaintiff. See Pence v. Tenneco Auto. Operating Co., 169 F. App'x 808, 811 (4th Cir. 2006) (unpublished) ("[I]t makes no difference if the employee was in fact guilty of misconduct; as long as the employer discharged the employee because it honestly believed that the employee had engaged in misconduct, then the employer has not discriminated on the basis of disability."). Because the subpoena response does not challenge the fact that MAMA believed Plaintiff changed the password, and discharged her in part because of this reason, it does not provide additional evidence of discrimination. Accordingly, to the extent

---

[6] Plaintiff testified that this was her username. Flynn. Dep. 29:5-30:13, ECF No. 16-2.

introduction of this new evidence constitutes an objection to the R&R, the objection is **OVERRULED**.

## C. Remainder of R&R

The court has reviewed the remaining portions of the R&R to which Plaintiff did not object for clear error, and finds none. This includes any differences between Plaintiff's "Facts" section in her Objections, see Objs. at 2-14, and the factual findings in the R&R, see R&R at 5-12, to which no specific objections were filed.[7]

## III. CONCLUSION

The court, having reviewed the record in its entirety and having examined Plaintiff's Objections and made de novo findings with respect thereto, does **ADOPT AND APPROVE IN FULL** the findings and recommendations set forth in the R&R of the United States Magistrate Judge, filed on July 30, 2019, ECF No. 56, with the exception of one conclusion of law noted above, see supra Part II.A. This conclusion of law does not alter the outcome or recommendations of the R&R. Accordingly, Defendant MAMA's Motion for Summary Judgment is **GRANTED**, and Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**. The parties' Request for Hearing, ECF No. 40, is **DENIED** because a hearing is unnecessary to resolve the Motion.

---

[7] See supra note 1 and accompanying text.

The Clerk is **DIRECTED** to enter judgment in this case in favor of the Defendant in accordance with this Memorandum Final Order. The Clerk is further **DIRECTED** to send a copy of this Memorandum Final Order to the parties.

**IT IS SO ORDERED.**

/s/
Rebecca Beach Smith
Senior United States District Judge

REBECCA BEACH SMITH
SENIOR UNITED STATES DISTRICT JUDGE

January 16, 2020